WR-82,807-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/3/2015 1:27:58 PM
Accepted 2/3/2015 3:45:08 PM
ABEL ACOSTA
CLERK

NO. _____

## IN THE
## TEXAS COURT OF CRIMINAL APPEALS

RECEIVED
COURT OF CRIMINAL APPEALS
2/3/2015
ABEL ACOSTA, CLERK

## IN RE JUSTIN TODD VALDEZ, PETITIONER

## FROM CALDWELL COUNTY COURT AT LAW
## CRIMINAL ACTION NO. 41070
## HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING

## APPLICATION FOR AN
## ORIGINAL WRIT OF HABEAS CORPUS

To the Honorable Court of Criminal Appeals:

COMES NOW JUSTIN TODD VALDEZ, Petitioner, who seeks an original writ of habeas corpus in order to file an out of time Petition for Discretionary Review (PDR) from a misdemeanor conviction for which Petitioner received a probated sentence.

### I. JURISDICTION.

Article 5(c) of the Texas Constitution provides, *inter alia*: "the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus."

### II. FACTUAL STATEMENT.

Petitioner was charged by information with the Class A Misdemeanor

offense of assault in Caldwell County Court at Law. On October 8, 2011, Petitioner appeared *pro se* and pled *nolo contendere* to the charged offense, was convicted of same and placed on community supervision.

Subsequently, Petitioner retained counsel who filed a motion for new trial. On October 28, 2011, the trial judge conducted a hearing on Petitioner's motion for new trial. On December 9, 2011, the trial judge denied the motion for new trial and Petitioner gave timely notice of appeal.

On August 29, 2014, the Third Court of Appeals affirmed the trial court's judgment. *Valdez v. State*, No. 03-12-00098-CR, 2014 WL 4362949 (Tex. App.—Austin Aug. 29, 2014) (mem. op., not designated for publication).

On November 24, 2014, Petitioner requested an extension of sixty (60) days to file a PDR. This Honorable Court granted the request but limited the extension until December 11, 2014. However, counsel for Petitioner mistakenly believed the Court had granted an extension for the requested sixty (60) days and, therefore, erroneously calendared the due date for the PDR as January 24, 2015.

When the actual due date passed, the Third Court of Appeals notified counsel for Petitioner of the issuance of its mandate of affirmance. When the mandate issued, Petitioner lost his opportunity to file a PDR.

## III. ARGUMENT AND AUTHORITY.

This Court has recognized that appellate "[c]ounsel may not deny the defendant the right or opportunity to avail himself of discretionary review." *Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997). In *Ex parte Owens*, this Court sated "[i]f appellate counsel's action or inaction denies a defendant his opportunity to prepare and file a petition for discretionary review, that defendant has been denied his sixth amendment right to effective assistance of counsel." 206 S.W.3d 670, 673 (Tex. Crim. App. 2006). In the instant case, Counsel's error in mistakenly believing the PDR was due on or before January 24, 2015, deprived Petitioner of his opportunity to prepare and file a PDR. Consequently, appellate counsel's conduct was deficient.

Once deficient conduct has been established, the Court addresses the question of prejudice. Prejudice is shown when the deficient conduct results in the deprivation of an entire judicial proceeding; the defendant need not show that the proceeding would have resulted in a favorable outcome; he need only show that he was deprived of that proceeding and that he would have availed himself of the proceeding had his counsel's conduct not caused a forfeiture. *Ex parte Crow*, 180 S.W.3d 136, 137-38 (Tex. Crim. App. 2005).

Petitioner seeks an original writ of habeas corpus because he is not entitled to relief under Articles 11.072 or 11.09 of the Texas Code of Criminal Procedure. Article 11.072 does not apply because as of this date, Petitioner is not on and has not been on community supervision (imposition of the probated sentence was suspended so long as the case was on appeal). Furthermore, Article 11.09 does not apply because Petitioner is not confined on a charge, his confinement relates to a judgment.

Finally, and most importantly, even if those remedies were available, a misdemeanor trial judge does not have the authority to order the Court of Criminal Appeals to permit the filing of an out-of-time PDR. Consequently, the only remedy available is an Original Writ of Habeas Corpus.

Respectfully submitted,

**CHARLES F. BAIRD**
TBA # 00000045
**BAIRD FARRELLY, PLLC**
2312 Western Trails Blvd, Suite 102-A
Austin, TX 78745-1677
Tel: 512.804-5911
Fax: 512.804-5919
Email: jcfbaird@gmail.com

<u>**AFFIDAVIT**</u>

THE STATE OF TEXAS        §
                                  §

COUNTY OF TRAVIS        §

**BEFORE ME,** the undersigned authority, on this day personally appeared Charles F. Baird, who after being by me duly sworn, stated:

"I am Charles F. Baird, an attorney licensed to practice law in the State of Texas. My bard card number is 00000045.

"My law partner, Amber Farrelly and I represented the Petitioner, Justin Todd Valdez, on appeal to the Third Court of Appeals. When that court affirmed the judgment of the trial court, we explained to Mr. Valdez that he had the opportunity to file a petition for discretionary review (PDR) in the Court of Criminal Appeals to seek review of the decision of the Third Court of Appeals. Mr. Valdez stated that he wanted to pursue a PDR.

"I began working on the PDR. However, I was unable to complete the PDR by the time allotted. Consequently, I sought an extension of time which the Court of Criminal Appeals granted until December 11, 2014. However I mistakenly

believed the PDR was due on or before January 24, 2015, (as I had requested an extension of 60 days). Due to this mistake on my part, the Third Court of Appeals issued its mandate and Mr. Valdez lost his opportunity to file a PDR. The erroneous calendaring of the due date was solely my fault. Mr. Valdez was in no way responsible. The PDR is essentially complete and can be filed within 10 days.

I have spoken personally with the Honorable Fred Weber, the Caldwell County District Attorney. Weber agrees that Petitioner is entitled to the opportunity to file a PDR.

_____
**CHARLES F. BAIRD**

**SUBSCRIBED AND SWORN TO BEFORE ME** on the 3rd day of February, 2015, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

Commission expires: May 07, 2018



ALYSSA LOPEZ
Notary Public, State of Texas
My Commission Expires
May 07, 2018

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing **APPLICATION FOR AN ORIGINAL WRIT OF HABEAS CORPUS** was served electronically on Fred Weber, Caldwell County District Attorney, on 2/3/15.


_____

Charles F. Baird